## HASSETT v. THE UNION STONE & MATERIAL CO.

)

*Contracts—Question for jury—Obligations assumed by assignee upon assignment—Original state highway contract—Breach of separate contract to purchase stone—Liability of assignee upon second contract.*

T & Co. having entered into a contract with the state high-way department to build a certain road agreed to purchase of plaintiff the crushed stone necessary for the work, and plaintiff agreed to furnish same. T & Co. later assigned their highway department contract to defendant, who agreed to "assume all obligations in reference to said contract." Suit was brought against defendant for breach of the contract of T & Co. to purchase crushed stone of plaintiff. The trial court instructed the jury that if there was any contract entered into between plaintiff and T & Co. for the crushed stone, defendant, by the assignment of the highway department contract, assumed all obligations, including the prior contract for the crushed stone. *Held:* The instruction was error, the question being one for the consideration of the jury.

(Decided July 31, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Albert H. Morrill*, for plaintiff in error.
*Mr. R. E. Simmonds, Jr.*, and *Messrs. Broeman & Gallagher*, for defendant in error.

BY THE COURT. The Union Stone & Material Company, now defendant in error, plaintiff below, recovered a judgment against James M. Hassett, now plaintiff in error.

Some time prior to December 30, 1914, Thurber & Company, a partnership, and the Thurber, Browning Company, a corporation, entered into a contract with the state highway department to build

certain highways, the one particularly in question being a portion of the Georgetown and Wilmington road, in Green township, Brown county, Ohio, such contract being known as No. 622 of the state highway department.

Crushed stone was one of the materials required to be used in the building of the state highway. The Union Stone & Material Company, learning of this contract, wrote the following letter to the Thurber Companies, which is Exhibit No. 1, which contains also the acceptance of the companies:

"*Cincinnati, Ohio, Dec. 30th, 1914.*

"THURBER & Co. and
    "THURBER & BROWNING CO.,
        "Cincinnati, Ohio.
"GENTLEMEN:

"We propose to furnish you crushed stone for your requirements of the respective State Highway Contract, to-wit:

"Cincinnati and West Union Road.

"Bethel Chilo Road.

"Georgetown and Wilmington Road.

"At fifty-five (55c) cents per ton at the Quarry either at Piqua, Ohio, or Marble Cliff, Ohio, we guarantee the stone to be satisfactory to the State Highway Department.

"Very respectfully,
        "THE UNION STONE & MATERIAL CO.,
            "By JONES & ....................

"We hereby accept the above for shipped stone only.

"THURBER CO.,
    "By H. THURBER,
        "*Member of the Firm.*

"THE THURBER, BROWNING CO.,
    "By H. THURBER,
        "*Vice President and Manager.*"

The Thurber company did not proceed with the actual work, and on April 5, 1915, sold and assigned its rights in the contract to James M. Hassett. The memorandum made by them, which is Exhibit No. 2, is as follows:

                              "*April 5th, 1915.*

"Received of J. M. Hassett the sum of $500 in full for all our rights, titles, etc., in a certain State Highway Contract for Section B of the Georgetown Wilmington Road No. 175 in Green Township, Brown County, Ohio, Contract No. 622, it being agreed that J. M. Hassett assumes all obligations in reference to said contract, and agrees to complete the same to the satisfaction of the State Highway Commissioner.

                    "Very respectfully,
                    "The Thurber, Browning Co.,
                              "J. K. Browning,
                                   "*Vice President.*

"Accepted,
     "J. M. Hassett."

Plaintiff alleged that by this agreement of sale of all rights, etc., in the state highway contract, as part and parcel thereof Hassett agreed to and did assume the contract of December 30, 1914, for the crushed stone for that work; that immediately thereafter plaintiff refused to take orders or enter into other contracts for crushed stone, owing to its limited capacity to prepare and furnish same, because it was necessary for it to quarry and crush the stone. The answer of the defendant admitted that Thurber & Company and The Thurber, Browning Company entered into a contract with the state highway department, and admitted the transfer to him of this contract, but he denied assum-

ing the contract with The Union Stone & Material Company.

The testimony introduced was that The Union Stone & Material Company had a contract with the Casparis Stone Company to procure the stone from them, and that the former acted as selling agents, not producing or crushing any of the stone themselves.

Various assignments of error are made—as to introduction and rejection of testimony, as to the refusal to give certain special charges, requested by plaintiff in error, and as to the general charge.

One of the chief issues in this case was whether or not Hassett agreed to and did assume the contract between plaintiff and The Thurber, Browning Company. This was alleged in the petition and denied by the answer, and was one of the controlling facts in reference to the liability on the part of Hassett. In the argument of counsel for Hassett, where this question was attempted to be presented, the court ruled that a separate contract was not required between Hassett and the plaintiff; that if Hassett assumed the obligations of the contract for the crushed stone in connection with the contract with the highway department this would create a liability on the part of Hassett. However, the court then asked the question, on two occasions: "Didn't they make a contract?" (Referring to the plaintiff and Hassett.) The only inference to be drawn from this statement was that the court considered a contract had been made between these parties. This should have been a matter for the determination of the jury.

The following portion of the general charge we consider prejudicial to plaintiff in error:

"But the court says to you, when he uses the words 'assumes the obligations' he assumes all the obligations connected with that contract, and therefore if the Stone and Material Company had a contract with Thurber & Company and The Thurber Browning Company, to furnish this crushed stone, and he has established that by a preponderance of the evidence, then the defendant in this contract assumed that obligation and was bound by it."

The court, by the above, charged the jury that if there was any contract entered into between The Union Stone & Material Company and The Thurber, Browning Company for the crushed stone, Hassett, by the agreement of April 5, 1915, assumed all obligations, including the prior contract for the stone. We think this was a matter which should have been left to the consideration of the jury.

We do not find any error in the refusal of the court to give the special charges requested by the plaintiff in error.

Objection was made to the question as to the making of the contract between The Union Stone & Material Company and The Thurber, Browning Company. As the written memorandum of this agreement was later introduced, and as both parties to it testified as to it, there was nothing in that question prejudicial to plaintiff in error.

Objection was made also to the questions as to the dimensions and thickness of the roadway. This was one method to arrive at the amount of crushed stone that was used. There was also evidence as to the amount of stone secured locally, so that the portion which it was claimed was

shipped in could be determined in that manner. This could not have been prejudicial, for the witnesses for defendant admitted that there was more crushed stone put on the roadway than this computation showed.

The question as to whether or not the Casparis Company was ever paid for the stone in question was not proper.

Other questions as to testimony were raised, but an examination of the entire record does not show that there was prejudicial error committed in these rulings on the evidence. However, for the error in the general charge, and the reference of the court to the fact that there was a contract between the plaintiff and defendant, the judgment below will be reversed and a new trial granted.

*Judgment reversed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.